J. C. CURRY v. THE KANSAS & COLORADO PACIFIC
RAILWAY COMPANY.

**No. 11,328.**    (60 Pac. 325.)

1. RAILROADS—*Consolidation of Companies — Pleading and
Practice.* Pending an action against a railway company it was
consolidated with another corporation. Under the articles of
consolidation the new company assumed all the obligations and
liabilities of the old. An amended petition was filed by the
plaintiff setting out the agreement of consolidation, making the
new corporation a party defendant, and charging it with liability
for the default of the old. There was no reference in the amended
petition to the pendency of the action against the old company,
but in the answer the defendant averred that the action pur-
ported to be a continuation of the original suit. *Held*, that, as
revivor may be had by action, the allegations of the amended pe-
tition will be construed as having that purpose, and, being so un-
derstood by the defendant, the substitution of parties will not
render a deposition taken while the action was pending against
the old company, on notice to it alone, incompetent to be read
against the new.

2. ———— *Contract for Passes—Measure of Damages.* In es-
timating damages for the breach of a contract to issue passes to
plaintiff annually during his life, a recovery must be confined to
the actual loss sustained, and such loss is compensated for by the
payment of the amounts expended by the promisee for railroad
fare.

Error from Osage district court; WM. THOMSON,
judge. Opinion filed March 10, 1900. Reversed.

*John W. Deford*, and *Benson & Smart*, for plaintiff in
error.

*Waggener, Horton & Orr*, and *Edward D. Osborn*, for
defendant in error.

The opinion of the court was delivered by

SMITH, J : This action was originally commenced
by J. C. Curry against the Council Grove, Osage City
& Ottawa Railway Company and the Missouri Pacific

Railway Company. Pending the suit, the Council Grove, Osage City & Ottawa Railway Company, with some eleven other railway companies, was consolidated under the name of the Kansas & Colorado Pacific Railway Company. This fact was suggested, and later a second amended petition was filed against the Kansas & Colorado Pacific Railway Company and the Missouri Pacific Railway Company, defendants. The amended petition contained no mention of the pendency of a former suit, but set out that on the 27th day of December, 1890, the Council Grove, Osage City & Ottawa Railway Company and eleven other railway corporations of the state of Kansas were duly consolidated, in accordance with law, by filing with the secretary of state articles of agreement fixing the terms of the consolidation, by the authority of two-thirds of the stockholders of each of said railway companies; that by such consolidation the twelve railway corporations became merged into one, named the Kansas & Colorado Pacific Railway Company, and by reason of such consolidation the latter company became the owner of all the property of the twelve constituent companies and assumed and obligated itself to pay any and all liabilities of said Council Grove, Osage City & Ottawa Railway Company. Copies of the articles of consolidation were attached as an exhibit to the amended petition. The action is founded on the breach of a contract by the last-named company to issue or secure for J. C. Curry, the plaintiff below, C. F. Curry and Benjamin Curry, annual passes over the Missouri Pacific Railway system, in part consideration for which said Currys sold and procured for the former company certain land for right of way and station grounds, side-tracks, etc. The facts are fully stated in the opinion of Mr. Chief Justice Doster, in

*Curry v. Railway Co.*, 58 Kan. 6, 48 Pac. 579, and the same are adopted as a part of this opinion.

When the action was pending against the Council Grove, Osage City & Ottawa Railway Company, the deposition of George C. Smith was taken on behalf of the plaintiff below, upon notice to that company. To its admission in evidence defendant below objected, because the testimony was taken without notice to the then defendant, and that at the time the deposition was taken the Kansas & Colorado Pacific Railway company was not a party to the suit. This objection was sustained. There was a stipulation in the cause, entitled in the same way as the deposition mentioned, containing an agreement as to what A. S. Everest would testify if present. This was also excluded from the consideration of the jury for the same reason.

We will consider first these rulings of the trial court. It is insisted by counsel for defendant in error that this court held, in *Curry v. Railway Co.*, supra, that the filing of the amended petition in the form appropriate to a new action was an abandonment by the plaintiff below of the old proceeding against the former company and the institution of a new and different suit. While such language was in substance used, it was not determined in that case that a revivor of the old cause of action could not be had in this action against the Kansas & Colorado Pacific Railway Company. The precise question decided was that proceedings of revivor or substitution had been waived by the defendant railway company after the abatement of the original action. A revivor may be had by action as well as by motion. (*Kothman v. Skaggs*, 29 Kan. 5; *Baker v. Hummer*, 31 id. 325, 2 Pac. 808.) In the second amended petition plaintiff below set out all the facts of the successorship of the Kansas & Colorado

Pacific Railway Company to the Council Grove, Osage City & Ottawa Railway Company. The facts pleaded constitute a complete statement of a cause of action for revivor. The liability of the old company was stated and the process by which its obligations are fixed upon the new. It is true that there is no prayer for a revivor of the action, but we do not regard this omission as of much consequence. The railway company in the court below regarded the cause of action set out in the second amended petition as a continuation of the original suit. This is attested by an averment of its answer as follows:

"And said action was never revived against this answering defendant either by consent or by any proceedings for that purpose, and no new action was commenced against this answering defendant, *but the present pending action purports to be a continuation of the original action* which abated and which has never been revived as heretofore alleged."

The defendant thus admitted that an action had been commenced against the dead company in its lifetime. We think, from an examination of the pleadings, the course of the trial, and from the showing made as to the death of the Council Grove company, it sufficiently appeared that the action was treated as a continuation of the former suit and an attempt upon the part of the plaintiff below to fix the liability of the old upon the new corporation. This view of the case compels a reversal of the judgment for the rejection of the deposition and the agreement as to the testimony of A. S. Everest.

Complaint is made that the court struck out a letter of H. G. McCauley as follows:

"QUENEMO, KAN., August 30, 1886.
"*Col. A. S. Everest, Atchison, Kan.:* DEAR COLONEL — Please understand the statement about passes in letter

of Mr. J. C. Curry of this date is a part of our arrangement about town site at this place. It is separate from the contract to guard against being brought before parties who should not know of the possibility of such arrangement. Yours respectfully, .

H. G., McCAULEY."

This letter, standing by itself, was of doubtful admissibility, but in connection with the letter of Aaron S. Everest, dated August 28, 1886, to Mr. C. F. Curry, in which it was stated that Mr. McCauley had full authority to settle the town-site matter, etc., we think it should have been admitted. Although the proof showed that Mr. McCauley's letter was never received by Everest, yet the former was a clerk in his employ, and the letter throws light upon the arrangement made between Curry and Everest, and tended to confirm the former's testimony as to the agreement.

While we think that the deeds excluded, showing the chain of title to the real estate, were admissible, yet we do not regard them to be very material in the establishment of plaintiff's cause of action. The Currys performed their part of the contract, and deeds were made to the Council Grove, Osage City & Ottawa Railway Company and H. M. Hoxie. As to the land deeded to the Council Grove company, the defendant in error herein succeeded to that under article 7 of the agreement of consolidation, which recites :

"And the constituent company shall execute any deed of conveyance or acquittance which may be deemed necessary to vest the full legal and equitable title of all and singular said properties and franchises in the new company."

It was established that the Council Grove company built on the lands mentioned in the deeds ( the 200-foot strip) ; that the railway is still there, operated by the Missouri Pacific Railway Company, and that

the Council Grove company built a side-track south of the main track, forming a connection with the main line, and also a depot and station-house.

Our conclusion is that the deposition and the stipulation as to the testimony of Everest, the letter of McCauley when connected with the letter of Everest above mentioned, should all have been admitted ; and that these, in connection with the other evidence, would have made out the cause of action alleged.

In view of another trial, we think the case demands an expression of opinion as to the measure of damages.    Recovery can only be had for losses suffered by plaintiff in error which have already accrued, and this recovery must be confined to those amounts which have been paid out by him for railroad fare.    Any other rule would carry the question of the amount of recovery into the realm of speculation.    The sums paid by plaintiff below for tickets over the Missouri Pacific railway in going to points beyond its line may be recovered ; also, what has been paid to other railway companies in traveling to places which might be reached by the Missouri Pacific railway.

In the former decision of this case ( 58 Kan. 6, 48 Pac. 579 ), it was held that the contract sued on, to issue or procure the issuing of railway passes annually during the life of the promisee, was not an entire contract, but was divisible by yearly renewals, and the measure of damages for the breach was the value of the transportation during the years the breach had occurred.

The judgment of the court below will be reversed and a new trial ordered.